# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CJCLive, LLC., <br><br> Plaintiff, <br><br> v. <br><br> Reginal Braziel, et al., <br><br> Defendants. | Case No. 2:19-cv-01593-KJD-BNW <br><br> **Report & Recommendation and Order** |

This matter is before the court on pro se plaintiff CJCLive's failure to comply with the court's order (ECF No. 38) and order to show cause (ECF No. 40).

This matter came on for a November 12, 2020 hearing upon a motion to withdraw by plaintiff's counsel. ECF No. 38. The court granted counsel's motion, but it informed plaintiff—whose representative was present at the hearing—that because plaintiff is an artificial entity, it can appear in federal court only through counsel. *Id.*; *see also In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). Therefore, the Court gave plaintiff 30 days from November 12, 2020, to have new counsel make an appearance in this Court. ECF No. 38.

Plaintiff did not comply. Thus, a few months later the Court gave plaintiff until January 29, 2021, to comply with the Court's order to obtain new counsel. ECF No. 39. That deadline lapsed, too, and plaintiff again failed to comply.

Because plaintiff failed to comply, the Court gave plaintiff until March 5, 2021, to show cause, in writing, "why sanctions—including claim-terminating sanctions—should not issue for failure to follow the Court's orders and prosecute this action." ECF No. 40. The Court informed plaintiff that the show-cause order could be satisfied by obtaining new counsel. *Id.* The Court likewise informed plaintiff that failure to comply with the show-cause order "will result in a recommendation to the district judge that [plaintiff's] claims be dismissed." *Id.*

The March 5, 2021 deadline has expired and plaintiff has not responded to the order to show cause, requested an extension to do so, or otherwise responded to the court's orders.[1]  Nor has an attorney appeared on plaintiff's behalf.

The purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  The rules provide several mechanisms that allow courts to accomplish this goal using sanctions against parties that fail to comply with court orders or that unnecessarily multiply proceedings.  Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).  Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.*

Rule 16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1).  Potential sanctions under Rule 37(b)(2)(A) include dismissing the action.  Fed. R. Civ. P. 37(b)(2)(A)(v).  In determining whether to impose the sanction of dismissal, a court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

---

[1] The court's order to show cause was returned by the United States Post Office as undeliverable. ECF No. 42.  Under the court's local rules, failure to immediately file with the court written notification of any change of mailing address and other contact information is an independent basis for dismissal of the action.  *See* LR IA 3-1; *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming district court's dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming district court's dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address).

1 | The first two factors—the public's interest in expeditiously resolving this litigation and
2 | the court's interest in managing its docket—weigh in favor of dismissal. *See Thompson v. Hous.*
3 | *Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (district courts have the inherent
4 | power to control their dockets and "[i]n the exercise of that power, they may impose sanctions
5 | including, where appropriate . . . dismissal" of a case). Plaintiff's failure to comply with the
6 | court's orders has resulted in unnecessary delay and has burdened the Court's docket. The third
7 | factor, risk of prejudice to the defendant, weighs in favor of dismissal because Plaintiff's repeated
8 | failure to comply with the court's orders have made it impossible for the case to move forward
9 | and impairs defendant's ability to go to trial and obtain a rightful decision in the case. *See*
10 | *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990). The court expressly warned
11 | plaintiff of the possibility of dismissal as a sanction for its failure to comply with the court's
12 | orders, and there is no indication plaintiff will comply with the court's orders, thereby satisfying
13 | the fifth factor's requirement that the court consider less drastic alternatives. *See Malone v. U.S.*
14 | *Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987). The fourth factor, the public policy favoring
15 | disposition of cases on their merits, is outweighed by the other factors favoring dismissal. As a
16 | result, the court will recommend dismissal of the case.
17 | …
18 | …
19 | …

IT IS THEREFORE RECOMMENDED that plaintiff's claims be DISMISSED based on Plaintiff's failure to respond to the court's February 4, 2021 order to show cause.

IT IS HEREBY ORDERED that by April 30, 2021, defendant Reginal Braziel must file a notice informing the Court whether he intends to prosecute his counterclaims in this matter.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 9, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE